UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01191-ADA-CDB (PC)<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE A NOTICE REGARDING EARLY SETTLEMENT CONFERENCE**<br><br>**3-DAY DEADLINE** |

Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state law violations.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On July 24, 2023, this Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (Doc. 17.) The Order directed the parties to file the attached Notice Regarding Early Settlement Conference within 45 days of the date of the order. (*Id*. at 2.)

On August 2, 2023, Plaintiff filed his notice, indicating he believes an early settlement conference would be productive. (Doc. 18.)

More than 45 days have elapsed, but Defendants have failed to file a Notice Regarding Early Settlement Conference.

## II. DISCUSSION AND ORDER

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Defendants have failed to comply with the Court's July 24, 2023 order. Specifically, Defendants did not file the Notice Regarding Early Settlement Conference within 45 days. Nor have Defendants sought an extension of time within which to do so.

Accordingly, the Court **ORDERS** Defendants to show cause in writing, **within 3 days** of the date of service of this order, why sanctions should not be imposed for their failure to comply with the Court's order of July 24, 2023. Alternatively, within that same time, Defendants may file the Notice Regarding Early Settlement Conference.

IT IS SO ORDERED.

Dated: **September 11, 2023**

UNITED STATES MAGISTRATE JUDGE