UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01191-ADA-CDB (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR A COURT ORDER RE SUBPOENAS**<br><br>(Doc. 29) |

Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state law violations.

**I.      RELEVANT PROCEDURAL BACKGROUND**

On July 24, 2023, this Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (Doc. 17.) While Plaintiff indicated a willingness to participate in an early settlement conference (Doc. 18), Defendants opted out (Doc. 26).

On September 13, 2023, the Court lifted the previously imposed stay (Doc. 27) and issued its Discovery and Scheduling Order (Doc. 28).

On September 22, 2023, Plaintiff filed a document titled "Request For A Court Order: Ex Parte." (Doc. 29.)

## II.     DISCUSSION

Plaintiff seeks an order directing the "Clerk of the Court to issue six (6) subpoenas, signed and stamped by the Clerk and sent to the Plaintiff." (Doc. 29.) Plaintiff further seeks an "order for the U.S. Marshall's Service to serve the Subpoenas to the appropriate party" and that "the order be good through the duration of this matter." (*Id.*) Lastly, Plaintiff requests "the Court provide the Plaintiff with the U.S. Marshall's Service address." (*Id.*)

Although Plaintiff does not reference any specific rule in the Federal Rules of Civil Procedure, the Court construes his request to arise under Federal Rule of Civil Procedure 45.

Federal Rule of Civil Procedure 45[1] governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Although Rule 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it," Plaintiff has not provided enough information for the Court to grant his request.

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, and is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

---

[1] Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

Plaintiff has specified he wants six subpoenas. (Doc. 29.) However, Plaintiff has failed to indicate to whom he intends to direct the subpoenas. Plaintiff has also failed to indicate whether he is seeking documents, testimony, or both from the non-parties[2] to be served with the subpoenas. Nor has Plaintiff made any showing of relevancy of the information sought as it relates to his claims or the importance of that information. It is also unclear— if Plaintiff is seeking documents only— whether the documents sought from the non-party are equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents. *See* Fed. R. Civ. P. 34. Simply put, more information is required.

Plaintiff must identify the individuals he intends be served with the Rule 45 subpoenas he seeks. He must identify what testimony or documents he is seeking from each individual identified. If Plaintiff seeks documents only, Plaintiff must also make a showing that the discovery he seeks from third parties or non-parties cannot be obtained from Defendants through a request for production of documents. *See Hazeltine v. Young*, No. 18-16565, 793 Fed. App'x 647, 648 (9th Cir. 2020) ("The district court did not abuse its direction by requiring that Hazeltine seek discovery from the defendants before the court would issue subpoenas …").

"Expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ...." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). A plaintiff who proceeds *in forma pauperis* is "generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d)." *Heilman v. Lyons*, No. 2:09-cv-2721 KJN P, 2010 WL 5168871, at *1 (E.D. Cal. 2010).[3] However, Plaintiff is obligated to pay witness fees and/or costs and to tender payment concurrently with the subpoena. *See Tedder v. Odel*, 890 F.3d 210, 211-212 (9th Cir. 1989) (IFP status of civil rights plaintiff did not exempt him from requirement that witness fees be tendered with subpoena). And witness fees cannot be waived. *Id*.

---

[2] Subpoenas duces tecum generally apply to non-parties (i.e., "persons") as opposed to parties, like the Defendants. *See* Fed. R. Civ. P. 45(a); C. Wright & A. Miller, *Federal Practice and Procedure* § 2107 ("Though the rules do not say so expressly, a subpoena is not necessary if the person [from whom documents are sought] is a party"). Indeed, the Federal Rules of Civil Procedure specifically provide a separate mechanism for obtaining document discovery from other parties by serving a document request on them. *See* Fed. R. Civ. P. 34.

[3] "As a general rule, indigent litigants bear their own litigation expenses." *Tabron v. Grace*, 6 F.3d 147, 159-160 (3d Cir. 1993).

3

In other words, while Plaintiff is *not required* to pay for the United States Marshal's service *to serve* his subpoenas, he is required to pay witness fees and/or costs to a witness entitled to them. *See, e.g.*, *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); *Cortinas v. Vasquez*, No. 1:19-cv-00367-JLT-SKO, 2022 WL 837377, at *2 (E.D. Cal. Mar. 21, 2022) (same). Briefly stated, service of a properly issued subpoena duces tecum in a civil rights action brought by a pro se prisoner proceeding IFP will be served at no expense to the prisoner by the USMS. However, if the subpoena involves the testimony of a witness, rather than the production of documents, the prisoner plaintiff must pay any associated witness fees and costs and provide those fees and costs prior to service.

To the extent Plaintiff requests the subpoenas "be good through the duration of this matter," that request is inappropriate. The Discovery and Scheduling Order provides deadlines for the completion of discovery. And discovery will conclude prior to any dispositive motion or trial proceedings that may be held in this matter. Hence, any subpoena that may issue in this action will not be "good through the duration of this matter." It would be valid during the discovery period only.

To the extent Plaintiff requests this Court "provide the Plaintiff with the U.S. Marshall's Service address," the request is not necessary. Should the Court issue Rule 45 subpoenas in this action, the Court will direct service by the United States Marshal after it has determined Plaintiff has made the required showings and Plaintiff has been directed to complete and return the appropriate Rule 45 subpoenas to the Court. *See, e.g.*, *Modica v. Russell*, No. 2:15-cv-00057 MCE AC PS, 2015 WL 13653879, at *2 & n.1 (E.D. Cal. Sept. 18, 2015) (where plaintiff made the required showings, "the court will direct the Clerk of Court to issue" the subpoena and plaintiff "must complete the subpoena and return it to the court to obtain personal service … by the United States Marshal"); *see also Heilman*, 2010 WL 5168871, at *2.

In sum, assuming Plaintiff is seeking documents rather than testimony,[4] a request for the

---

[4] The Court makes this assumption because there are no scheduled hearings in this matter at which

issuance of a records subpoena requires Plaintiff to: (1) set forth the specific documents requested and from whom; (2) demonstrate that the documents are only obtainable through the third party; and (3) establish the relevance of the requested documents to any claim or defense. Plaintiff's instant motion will be denied without prejudice. Plaintiff may submit a motion seeking the issuance of Rule 45 subpoenas demonstrating the issuance of such subpoenas meets the requirements discussed in this order.

### III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the Plaintiff's "Request For A Court Order: Ex Parte" (Doc. 29) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **September 25, 2023**

UNITED STATES MAGISTRATE JUDGE

---

testimony might be offered. To the extent Plaintiff did intend to seek a non-party's testimony, Plaintiff is required to identify the time and place of such testimony, and if testimony is to be given at a deposition, he must state the method for recording the testimony. *See* Fed. R. Civ. P. 45(1)(A)(iii), and (1)(B). Further, Plaintiff must pay the related witness fees and costs in advance. *Tedder*, 890 F.3d at 211-212.