1  Joshua Forster
2  CO# 2326-7
3  PO Box 5003
4  Coalinga, CA 93210
5
6  In Pro Per:

**United States District Court**

**Eastern District of California**

| | | |
|---|---|---|
| Joshua Forster, | ) | Case No.: 1:22cv01191 ADA CDB |
| Plaintiff, | ) | |
| | ) | **First Amended Civil Rights** |
| Vs. | ) | **Complaint 42 U.S.C. §1983** |
| | ) | |
| Stephanie Clendenin, | ) | **(Non-Prisoner)** |
| Director of The Department | ) | |
| of State Hospitals and | ) | Demand For Trial |
| Brandon Price, Executive | ) | |
| Director of Department of | ) | |
| State Hospitals-Coalinga, | ) | |
| Defendants. | ) | |
| | ) | |

## I. Exhaustion:

The enactment of the PLRA in 1996 imposed two filing requirements: Filing fees, 28 U.S.C §1915 and exhaustion of administrative remedies, 42 U.S.C § 1997(e). Both state for "prisoners", that the definition of "prisoner" for the purposes of these provisions of the PLRA is explicit. As used in 28 U.S.C §1915, the term "prisoner" mean any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. In 42 U.S.C § 1997(e) identical language is used. The Sexually Violent Predation Act ("SVPA") provides not for criminal sanctions (Cal Welf. & Inst. Code §6600), but for the civil commitment of an individual. The Ninth Circuit in Page v Torrey 201 F.3d 1136; holds these two PLRA requirements do not apply to civil commitment or detainees.

## II. Premise

This complaint alleges that the defendants, in their individual capacities and while acting under the color of state law, have created, and maintain, plaintiff's conditions of confinement, said conditions of confinement being in violation of statutory law as found in the California Code of Regulation, Title 9 (hereafter "CCR"), §§880-884.

Furthermore, that defendants, in their individual capacities and while acting under the color of state law, have failed to enforce the holdings of Jones v Blanas, 393 F. 3d 918 (9th cir. 2004) (Jones) and King v County of Los Angeles, 885 F.3d 548 (9th cir 2018) (*King*) in that plaintiff's conditions of confinement, compared to those conditions of confinement of prisoners within the California Department of Corrections and Rehabilitation (hereafter "CDCR") are afforded, are not "more considerate", but are "more restrictive" as required.

These violations of statutory and decisional law have been, and continue to be, directed towards this plaintiff while he is undergoing in-patient treatment as a civilly committed individual under the SVPA from April 2018 to present in violation of plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution. (See also Bell v Wolfish, 441 US 520, 537-539)

## III. Parties

1) Plaintiff, Joshua Forster who resides at 24511 W. Jayne Ave., Coalinga, California 93210 alleges that his civil rights were violated by the action(s) of the below named individuals. The actions were directed towards this plaintiff while confined at Coalinga State Hospital as a pre-commitment civil detainee under California Welfare and Institution Code (WIC) §§6600-6604 from October 2017 to present.

**Defendants**

2) Defendant One, Stephanie Clendenin, while working for the California Department of State Hospitals (DSH) at 1600 9th street, Sacramento, California 98814, with the title of Director of the Department of State Hospitals, in her individual capacity, having duties that consist of, but not limited to: establish a list of property or items civil patients are not allowed to have (WIC §7295 (b)); have the Director of each hospital (in the case Brandon Price, Defendant Two) establish a list of disallowed property (WIC §7295 (c))/ review and give final approval disallowing property and maintain conditions for civil patients so they do not become punitive in nature. For condition not to become punitive in nature requires that the Defendant makes sure that any denial of an item is in accordance with CCR, Title 9, §§880-884 and that the objective of any denial be not based on an element of punishment such as deterrence, of something already a crime or retribution, because of the acts of others. Also, such a denial cannot be based on wholly speculative perditions of safety and security problems. Defendant must insure Plaintiff's conditions are less restrictive as a civil detainee that of a prisoner. Defendant further by statutory law must provide Plaintiff with treatment that helps obtain personal liberty and independence (Cal. Welf. & Inst. Code §§5325.1(a)).

3) Defendant Two, Brandon Price, working for the California Department of State Hospitals as Executive Director of Coalinga State Hospital, residing at 24511 W. Jayne Ave., Coalinga California 93210 in his individual capacity, having duties that consist of, but not limited to: establish a list of property or items civil patients are not allowed to have (WIC §7295 (c)); submit the list to the Director of State Hospitals (in the case Stephanie Clendenin, Defendant One) for

final approval disallowing property and maintain conditions for civil patients so they do not become punitive in nature. For condition not to become punitive in nature requires that the Defendant makes sure that any denial of an item is in accordance with CCR, Title 9, §§880-884 and that the objective of any denial be not based on an element of punishment, such as deterrence of something already a crime or retribution, because of the acts of others. Also, such a denial cannot be based on wholly speculative perditions of safety and security problems. Defendant must insure Plaintiff's conditions are less restrictive as a civil detainee that of a prisoner. Defendant further by statutory law must provide Plaintiff with treatment that helps obtain personal liberty and independence (Cal. Welf. & Inst. Code §§5325.1(a)).

### IV. **Supporting Facts:**

4) Prisoners in California Department of Corrections and Rehabilitation (CDCR) are given by CDCR, internet capable devices and internet access. This program allows prisoners a better quality of life, a greater chance to successfully reintegrate back into society upon release, with a higher probability or rehabilitation. Defendants have not adopted the above program or anything like it for the Plaintiff.

5) Patients under the same civil process as this Plaintiff (WIC) that are out on conditional release, (meaning still in custody and treatment) have individualized conditions that allow the Patient to have internet capable devices and internet access (e.g. computers, smart phones and gaming devices). Defendants have denied Plaintiff the same individualized conditions to this Plaintiff.

6) Parolees still under the constructive custody of CDCR, have individualized conditions of parole that allow them electronic devices (e.g. computers, recordable disks, memory devices, smart phones, gaming devices, internet access and more). Defendants have denied this Plaintiff the same individualized conditions.

7) CDCR prisoners are allowed to purchase and wear personal clothing. Defendants have denied Plaintiff to own and wear the same selective type of personal clothing prisoners are allowed despite WIC §5325 (a).

8) CDCR offers prisoners industry standard Vocational Education and Academic Education classes which provide marketable skills for the prisoners upon release. Defendants do not offer similar training and education opportunities or marketable skills to help Plaintiff succeed in society upon release. In fact, Defendants over the years have cut the few programs they did have. Defendant further gives far less money to a patient when they leave the hospital back into society than prisoners get. CDCR through parole offices give parolees funds as need to help with housing and other expenses to make it. Defendants do not offer anything to help a patient released back into society to succeed.

9) Coalinga State Hospital (CSH) used to allow nutritional supplements for patients. The approval was individually based though the Patient's Treatment Team, which includes medical personal. CSH has disallowed all supplements and made it a blanket denial instead of being based on the individual and going through the Treatment Team of the Patient.

10) From October 2017 or solely looking at the last four years to the present, Plaintiff has experienced a growing list of disallowed property/items based on defendant's speculative assertion of a need to deter acts that are already criminal in nature and/or "safety and security" issues. Defendants continually employ the term "safety and security" outside the authorized definition of the terms per CCR Title 9, §880. The causation for this redaction of allowable property/items has not been individualized to the Plaintiff.

11) The CSH patient phone system in the Plaintiff's housing unit does not give this Plaintiff reasonable access to make or receive confidential phone calls when needed.

12) Effective January 1, 2023, SB 1008 allows prisoners within CDCR, among others incarcerated within penal facilities such as county jails, etc., free outgoing telephone calls, either via the Tablet Program and/or via the facility's existing telephone system. Defendant required the plaintiff to use the hospital phone system, which is electronically recognized as a "pay phone", and outgoing calls are "collect or require patients to purchase their own calling cards". The Plaintiff is not able to make free phone calls.

13) The existing DSH-C vendor contract for patient telephones contracts for "DSH issued calling cards" to be issued to patients. Defendants have not issued these calling cards, and outgoing telephone calls are charged to and the responsibility of the patient or their family.

14) CSH package program over the last several years has become more restrictive and is now similar to the package program implemented by CDCR for prisoners.

15) Defendants for the whole time the Plaintiff has been at CSH or solely looking at the last four years, have failed to provide this Plaintiff with adequate treatment to address his alleged mental disorder, that which allegedly makes him a risk to the public. Plaintiff thus has not been given a reasonable expectation to regain his freedom. Plaintiff's confinement has gone for a priority of forensic treatment, to a non-forensic facility of just confinement. The inadequate treatment is a constitutional issue rather than a statutory issue. Defendants have closed ancillary groups that have been recommended to treat each of the Plaintiff Dynamic Risk Factors. Defendants rotate facilitators from group to group regularly causing disruption in treatment. Defendants allow facilitators to end a group early or close the group for the day so the facilitators can attend or do administrative duties. Making treatment a non-priority. Defendants on paper state adequate treatment is provided, but as to what is supposed to be provided according to Defendants and what is actually happening in the groups is two different things. Furthermore, the is a disconnect between what the Department of State Hospitals evaluators think the treatment is like an offered at CSH and what is actually offered or continually changing. This does not give the Plaintiff a fair evaluation when the evaluators come to CSH and update Plaintiff's evaluations. At CSH there is a shortage of facilitators, groups and hours of treatment have diminished. Defendants treatment program that has be provided for the Plaintiff since he has been here or at least in the last four years is far below recommendations found in "Sex Offender Civil Commitment Program Network" (SOCCPN). SOCCPN gathers information from sex offender civil commitment programs in 19 different states, including staff qualifications and ratios, phase description, hours of treatment, etc., and determines generally accepted practices by calculation an acceptable range based on the information gathered. Information used by Federal courts as a guidelines as to effective treatment standards. (See. Howe v Godinez, et all., US District Court, S.D. Illinois, Case No. 13-cv-844-SMY, Sept. 2021). Defendants' treatment program fails as to the ratio of facilitators, hours of treatment per week and other categories.

16) Plaintiff being in treatment group(s) when held or offered has been and is restricting his ability to obtain his personal liberty.

17) The structure of the groups Plaintiff is in has not let the Plaintiff in the past and present, present his assignments every week or every month. Plaintiff's personal treatment is and has bee stalled and not moving forward at a reasonable speed. Group(s) is getting more restrictive.

18) Groups Plaintiff is in or has been in have consistently cancel sessions with a ratio that is unreasonable. These groups also in a consistent manner, cancel sessions early or start late in a manner that is also unreasonable.

## V. Causes of Actions

**Cause One:**

19) Plaintiff re-alleges the allegation contained in paragraphs 4-14, inclusive to this complaint.

20) As a direct result in Defendant, Stephanie Clendenin Director acting under the color of the authority the state has granted her as the Director of DSH, Clendenin is tortuously liable in her individual capacity in that she has created and maintained Plaintiffs conditions of confinement such that they are punitive in nature as to each of the paragraphs herein. Furthermore, each paragraph shows where Clendenin failed to adhere to the mandates of CCR Title 9, §§880-884 in that her actions reflect a blanket application to all patients without any individualized consideration to the Plaintiff. Clendenin has failed to follow state and federal statutory and decisional laws as each paragraph illustrates the punitive nature of her action where Clendenin's objective was/is to deter conduct already addressed by Penal Code statutes or in retribution based on action of other patients. Each restriction is supported by a speculative need for "safety and security" where this term is used loosely and not in accordance with CCR Title 9, §§880-884, but instead is used as CDCR does for its prisoners (prisoners can be subjected to conditions amounting to punishment). Clendenin has failed to insure Plaintiff conditions of confinement are less restrictive than prisoners and failed to take less restrictive options. All statutory and decisional laws cited herein are well established and it is reasonable to expect that Clendenin

is/was aware that they exist and that she is/was not in compliance. The foregoing is the moving force of violations of Plaintiffs Due Process right protected under the Fourteenth Amendment of the U. S. Constitution.

**Cause Two:**

21) Plaintiff re-alleges the allegation contained in paragraphs 4-14, inclusive to this complaint.

22) As a direct result, Defendant, Brandon Price, Executive Director of Coalinga State Hospital acting under the color of the authority the state has granted him as Executive Director of Coalinga State Hospital, Price is tortuously liable in his individual capacity in that he has created and maintained Plaintiffs conditions of confinement such that they are punitive in nature as to each of the paragraphs herein. Furthermore, each paragraph shows where Price failed to adhere to the mandates of CCR Title 9, §§880-884 in that his actions reflect a blanket application to all patients without any individualized consideration to the Plaintiff. Price has failed to follow state and federal statutory and decisional laws as each paragraph illustrates the punitive nature of his actions where Price's objective was/is to deter conduct already addressed by Penal Code statutes or in retribution based on action of other patients. Each restriction is supported by a speculative need for "safety and security" where this term is used loosely and not in accordance with CCR Title 9, §§880-884, but instead is used as CDCR does for its prisoners (prisoners can be subjected to conditions amounting to punishment). Price has failed to insure Plaintiff conditions of confinement are less restrictive than prisoners and failed to take less restrictive options. All statutory and decisional laws cited herein are well established and it is reasonable to expect that Price is/was aware that they exist and that she is/was not in compliance. The foregoing is the moving force of violations of Plaintiffs Due Process right protected under the Fourteenth Amendment of the U. S. Constitution.

**Cause Three:**

23) Plaintiff re-alleges the allegation contained in paragraphs 13-16, inclusive to this complaint.

24) As a direct result in Defendant, Stephanie Clendenin Director acting under the color of the authority the state has granted her as the Director of DSH, Clendenin is tortuously liable in her individual capacity in that she has created a treatment program that is inadequate, and that does not give this Plaintiff a reasonable expectation to obtain his liberty. (See Cal. Welfare & Inst. Codes §5325.1(a) and §7503)

**Cause Four:**

25) Plaintiff re-alleges the allegation contained in paragraphs 13-16, inclusive to this complaint.

26) As a direct result, Defendant, Brandon Price, Executive Director of Coalinga State Hospital acting under the color of the authority the state has granted him as Executive Director of Coalinga State Hospital, Price is tortuously liable in her individual capacity in that he has created a treatment program that is inadequate, and that does not give this Plaintiff a reasonable expectation to obtain his liberty. (See Cal. Welfare & Inst. Codes §5325.1(a) and §7503)

## VI. Request For Relief

27) I the Plaintiff believe and request I am entitled to the following specific reliefs:
   (1) Award damages as to Cause of Action One in the amount of $250,000
   (2) Award damages as to Cause of Action Two in the amount of $250,000
   (3) Award damages as to Cause of Action Three in the amount of $250,000
   (4) Award damages as to Cause of Action Four in the amount of $250,000
   (5) Allow amendment as the court deems fit.
   (6) Allow appointment of counsel when the court deems fit.
   (7) Award any other damages the court deems fit or appropriate.
   (8) Order any other injunctions the court deems appropriate to protect both state and federal constitutional rights.

Date: December 3rd 2023

_____

Plaintiff in Pro Per

## VII. Request For Injunction Relief

28) In paragraphs 4-14 of this complaint, each paragraph shows a specific and factual condition, well established that each condition is punitive in nature. Each cause of action clearly states each Defendant failed in their individual capacities relating to each condition from these paragraphs.

29) Defendants as to each of these conditions failed to follow statutory and decisional laws. Specifically, failed to follow statutory and decisional laws where they knew, or reasonably should have known, these laws existed. Specifically, the disallowance of property not in accordance with the mandates set forth in CCR Title 9 §§880-884 that require such denials be individually based.

30) Conditions complained of as to each paragraph, were imposed based on objectives relevant to punishment (i.e. deterrence and retribution) and/or wholly on speculative predictions of "safety and security" concerns.

31) Wherefore Plaintiff respectfully requests this court order Defendants to redress each punitive condition within each paragraph herein, further that this court order the defendant to base any future denials of property in accordance with CCR Title 9 §§880-884 and to refrain form using objectives founded in punishment and speculative assertions to "safety and security" issues.

32) Plaintiff also requests this court order the defendants review each property item which is currently and/or has been denied to date. Then if such denial is fund to have been implemented in violation of CCR Title 9 §§880-884 or is based on the elements of punishment, that denial be vacated and the property be allowed.

33) Plaintiff further request the court order Defendant to update their treatment program that is at least within the standards found in SOCCPN or any other comparable research as to treatment standards. Open up ancillary groups immediately and never close them. Order the Defendants that they have a constitutional mandate to first provide treatment effectively and within some recognized standards and everything else comes second.

### VIII. Demand For Trail By Judge

Plaintiff hereby requests a trial by judges due to the potential inflammatory and prejudicial facts that may arise in trial. So much that it would hard to get an impartial jury.

Date: December 3rd 2023

_____
Plaintiff in Pro Per

### IX. Verification

I swear under the penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct to the best of my knowledge.

Executed on December 3rd 2023.

_____
Plaintiff, In Pro Per

**PROOF OF SERVICE**

I, Joshua Forster, declare that:

I am a resident of the County of Fresno, California. I am over the age of 18 and am a party in this action; my address is: P.O. Box 5003; Coalinga, CA 93210.

On 11-24-2023 I served the forgoing document(s), entitled "**First Amended Civil Rights Complaint 42 U.S.C. §1983**" on the interested parties in this action by placing said document(s) in a sealed envelope addressed to the following addresses with appropriate postage affixed:

Attorney General's Office
Attn: Grant Lien
1300 I Street, Suite 123
P.O. Box 944255
Sacramento, CA  94244-2550

I am "readily familiar" with the State Hospital's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service within one business day at Coalinga, California in the ordinary course of business.

I declare under the penalty of perjury under the laws of the United States that the above is true and correct.

Dated: 12-6-23

_____
Declarant