1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA FORSTER,                            Case No.: 1:22-cv-01191-NODJ-CDB (PC)

12                    Plaintiff,                **ORDER DENYING PLAINTIFF'S
                                                REQUEST FOR A SUBPOENA DIRECTED
13         v.                                   TO DEFENDANT PRICE**

14   STEPHANIE CLENDENIN, et al.,               (Doc. 37)

15                    Defendants.

16

17         Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this

18   civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants

19   Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state

20   law violations.

21         **I.       INTRODUCTION**

22         On September 13, 2023, the Court issued its Discovery and Scheduling Order (Doc. 28).

23         On September 22, 2023, Plaintiff filed a document titled "Request For A Court Order: Ex

24   Parte," seeking the issuance of several subpoenas. (Doc. 29.)

25         The Court issued its Order Denying Without Prejudice Plaintiff's Request For A Court

26   Order Re Subpoenas on September 25, 2023. (Doc. 30.) Relevant here, Plaintiff was advised of

27   the requirements for the issuance of subpoenas under Rule 45 of the Federal Rules of Civil

28   Procedure. (*Id.*)

On December 13, 2023, Plaintiff filed a document titled "Request For A Court Order Directing The Clerk Of The Court To Issue A Subpoena To The Plaintiff And An Order For The US Marshall Service To Serve The Subpoena: Ex Parte." (Doc. 37.)

## II.    DISCUSSION

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff seeks issuance of a subpoena "to Defendant Brandon Price" for records maintained by the Civil Detainees Advisory Committee ("CDAC") "under Federal Rules of Civil Procedure, Rule 45 (a) (2), (3)." (Doc. 37 at 1-2.) Plaintiff's request will be denied.

As Plaintiff was previously advised, Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from *non-parties* equivalent to discovery from parties under Rule 34. (*See* Doc. 30 2, n.1.) Brandon Price is a *party* to this action; he is not a non-party. Thus, Rule 45 does not apply.

To the extent Plaintiff asserts he sought this information by way of a request for production of documents directed to Defendant Price, but Price responded that the documents were equally available to Plaintiff (*see* Doc. 37 at 2) and did not produce the sought after documentation, Plaintiff's remedy is to file a motion to compel further responses. As Plaintiff was advised in the First Informational Order In Prisoner/Civil Detainee Civil Rights Case issued September 21, 2022:

> If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it. Fed. R. Civ. P. 37.[1] A motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the party not making the

---

[1] Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response...." Fed. R. Civ. P. 37(a)(4).

disclosure in an effort to secure the disclosure without court action."
Fed. R. Civ. P. 37(a)(1). A moving party should not seek to compel
production of documents which are equally available to that moving
party, such as documents in plaintiff's central file. A discovery
motion that does not comply with applicable rules may be stricken
and may result in imposition of sanctions.

(Doc. 5 at 4-5.) Because Plaintiff finds Defendant Price's response to his request for production

of documents to be unsatisfactory, he may wish to file a motion to compel a further response.

Plaintiff must meet the requirements listed above. Plaintiff is further advised the party moving to

compel bears the burden of informing the court (1) which discovery requests are the subject of the

motion to compel; (2) which of the responses are disputed; (3) why the party believes the

response is deficient; (4) why any objections are not justified; and (5) why the information sought

through discovery is relevant to the prosecution of this action. *Haraszewski v. Knipp*, No. 2:13-

cv-2494 JAM DB P, 2020 WL 4676387, at *3 (E.D. Cal. Aug. 12, 2020); *McCoy v. Ramirez*, No.

1:13-cv-01808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016). Finally, Plaintiff is

advised that any motion to compel will be determined in accordance with Local Rule 230(*l*) and

will be decided in due course.[2]

### III.     CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's

"Request For A Court Order Directing The Clerk Of The Court To Issue A Subpoena To The

Plaintiff And An Order For The US Marshall Service To Serve The Subpoena: Ex Parte" (Doc.

37) is **DENIED**.

IT IS SO ORDERED.

Dated:   __**March 6, 2024**__                    _____

UNITED STATES MAGISTRATE JUDGE

---

[2] The United States District Court for the Eastern District of California is one of the busiest district courts
in the nation. The undersigned carries a heavy caseload and delays regrettably are unavoidable.