1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA FORSTER,                          Case No.: 1:22-cv-01191-NODJ-CDB (PC)

12                  Plaintiff,                 **ORDER DENYING PLAINTIFF'S**
                                               **MOTION TO CONSOLIDATE CASES**
13          v.
                                               (Doc. 32)
14   STEPHANIE CLENDENIN, et al.,

15                  Defendants.

16

17          Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this

18   civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants

19   Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state

20   law violations.

21          On November 2, 2023, Plaintiff filed a "Motion to Consolidate Related Cases." (Doc. 32.)

22   Plaintiff seeks to consolidate this action with two other actions pending in this District:

23   *Stephenson v. Clendenin*, 2:22-cv-01521 and *Bodnar v. Clendenin*, 2:22-cv-01533. (*Id*. at 1.) He

24   contends the actions involve the same defendants and similar facts and claims. (*Id*. at 2.) He

25   asserts consolidation would not result in prejudice to the parties or confusion of the issues. (*Id*.)

26   Plaintiff additionally contends consolidation would conserve judicial resources. (*Id*.)

27          Defendants filed an opposition on November 17, 2023. (Doc. 34.) Defendants argue the

28   cases Plaintiff seeks to consolidate do not involve similar facts and claims such that consolidation

1  would conserve judicial resources and that consolidation would cause delay and confusion. (*Id*. at

2  4-5.) Further, Defendants contend consolidation is inappropriate because the *Bodnar* action is in a

3  procedurally different posture than this action and the *Stephenson* action. (*Id*. at 6.)

4       **I.**     **DISCUSSION**

5        When multiple actions pending before a court involve common questions of law or fact,

6  the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate

7  the actions; and/or issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P.

8  42(a). The court has "broad discretion" to determine whether and to what extent consolidation is

9  appropriate. *See Garity v. APWU Nat'l Labor Org*., 828 F.3d 848, 855-56 (9th Cir. 2016) (*citing*

10  *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir.

11  1989)). "Typically, consolidation is a favored procedure." *Blount v. Boston Scientific*

12  *Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019)

13  (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig*., 282

14  F.R.D. 486, 491 (C.D. Cal. 2012)). In deciding whether to consolidate actions, the court "weighs

15  the saving of time and effort consolidation would produce against any inconvenience, delay, or

16  expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single*

17  *Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

18        Here, weighing the conservation of judicial resources against any inconvenience, delay or

19  expense, the Court finds consolidation inappropriate. The Court agrees with Defendants that the

20  claims are dissimilar. While some claims overlap, there are significant differences among the

21  claims asserted in this action, and the *Stephenson* and *Bodnar* actions. Specifically, the

22  *Stephenson* and *Bodnar* actions involves claims of inadequate mental health treatment. Thus, the

23  other actions will involve different questions of law and fact. Fed. R. Civ. P. 42(a). Additionally,

24  as Defendants argue, the *Bodnar* action is in a different procedural posture. Bodnar's third

25  amended complaint has not yet been screened and defendants have not appeared in the case. In

26  this action, discovery has commenced and is ongoing; the same is true of the *Stephenson* action.

27  Therefore, judicial economy would not be served by consolidation and would result in

28  inconvenience and delay. *Huene*, 743 F.2d at 704.

## II.     CONCLUSION AND ORDER

Accordingly, for the reasons given above, Plaintiff's motion to consolidate (Doc. 32) is

**DENIED**.

IT IS SO ORDERED.

Dated:   **March 8, 2024**

UNITED STATES MAGISTRATE JUDGE