UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01191-NODJ-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL INTERROGATORIES FILED DECEMBER 29, 2023**<br><br>(Doc. 40)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ADDITIONAL INTERROGATORIES FILED FEBRUARY 29, 2024**<br><br>(Doc. 51) |

Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state law violations.

**I.  INTRODUCTION**

On September 13, 2023, the Court issued its Discovery and Scheduling Order (Doc. 28).

On December 29 2023, Plaintiff filed a "Request For Leave to Propound Additional Interrogatories." (Doc. 40.) Defendants filed an opposition on January 16, 2024. (Doc. 41.)

On February 29, 2024, Plaintiff filed a second "Request For Leave to Propound

Additional Interrogatories." (Doc. 51.) The Court finds a response by Defendants to be unnecessary.

## II. DISCUSSION

### *Plaintiff's Requests*

In his December 29, 2023 motion, Plaintiff seeks leave to "propound 200 additional interrogatories on Defendant Clendenin and Defendant Price." (Doc. 40 at 1.) Plaintiff states he sent defense counsel a meet and confer letter "requesting an additional 50 interrogatories for each Defendant," but did not hear back. (*Id.* at 2, 5 [copy of letter].) Plaintiff states he is unable to pay the required fees to depose the Defendants, making interrogatories his only avenue to obtain evidence. (*Id.*) Plaintiff alleges dozens of interrogatories are required for numerous issues including "SOTP treatment and patient's property." (*Id.* at 3.) He provides an estimate for the number of interrogatories he anticipates are necessary corresponding to the numbered paragraphs in his complaint. (*Id.*) He maintains each of the paragraphs concern complex issues requiring "a good number" of interrogatories. (*Id.*) Plaintiff states he "understands this would impose a great deal of work for both parties," and asserts he "will not abuse the additional interrogatories and just make requests as needed." (*Id.*)

In his February 29, 2024 motion, Plaintiff seeks leave to propound an additional eleven interrogatories, for a total of thirty-six, to Defendant Price. Plaintiff asserts this action involves "complex issues that will require[] many questions the Plaintiff will need to propound to support his claims." (Doc. 51 at 2.) He contends that because he "cannot do any depositions" as a result of his confinement and indigency, interrogatories are his "only avenue." (*Id.*) Plaintiff attached his fifth set of interrogatories to demonstrate his assertion that "these additional interrogatories will produce relevant evidence from the Defendant's responses." (*Id.* at 2, 6-10.)

### *Defendants' Opposition*

Defendants filed an opposition to Plaintiff's first motion. (Doc. 41.) Defendants contend Plaintiff had not yet exhausted the twenty-five interrogatories available to him for each Defendant, making his request premature where he has propounded only ten of the twenty-five available. (*Id.* at 2-3; *see also* Doc. 41-1 [Declaration of Grant Lien].) Further, Defendants assert

2

1  Plaintiff's request should be denied because he failed to attach the proposed interrogatories, nor
2  did he specifically explain in any detail why he needs 200 additional interrogatories. (*Id.* at 3-4.)

### *Analysis*

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2).[1] The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. While, ordinarily, a party requesting additional interrogatories must make a "particularized showing" as to why additional discovery is necessary, a party proceeding pro se is held to a somewhat lesser standard and need only show "good cause." *See McClellan v. Kern County Sheriff's Office*, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citing Fed. R. Civ. P. 26(b)(1); *Cantu v. Garcia*, No. 1:09-cv-00177 AWI DLB PC, 2013 WL101667, at *3 (E.D. Cal. Jan. 8, 2013) (same); *Eichler v. Tilton*, No. CIV S–06–2894 JAM CMK P, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010) (same).

<u>Plaintiff's December 29, 2023 Motion</u>

As noted above, Plaintiff seeks to propound an additional 200 interrogatories. (Doc. 40.) 2.) While the Court recognizes that Plaintiff is proceeding pro se and is therefore entitled to some

---

[1] Rule 26(b)(2) governs the court's determination on whether leave will be granted to serve additional interrogatories. Fed. R. Civ. P. 26(b)(2). The court must limit discovery if: [¶] (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [¶] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or [¶] (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

leniency in making a showing of his need for discovery, Plaintiff must provide some basis for the Court to permit him to propound additional discovery. *See McNeil v. Hayes*, No. 1:10-cv-1746 AWI SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. 2014) ("[T]he 'particularized showing' to obtain leave to serve additional interrogatories cannot be divorced from Plaintiff's pro se status"); *Smith v. Davis*, No. 1:07-cv-1632 AWI GSA PC, 2009 WL 2905794, at *1 (E.D. Cal. Sept. 4. 2009) (plaintiff bears the burden of demonstrating a need for additional interrogatories). Additionally, a court may deny a pro se plaintiff's request for additional interrogatories where the plaintiff has not sufficiently specified the reason additional interrogatories are necessary. *Doster v. Beard*, No. 1:15-cv-1415 DAD GSA PC, 2017 WL 1393509 at *4 (E.D. Cal. Apr. 13, 2017) (denying request to serve additional interrogatories where plaintiff did not explain the nature or subject matter of additional interrogatories); *McClellan*, 2015 WL 5732242 at *2.

Plaintiff has not submitted proposed interrogatories with the motion for review or specified the nature or subject matter of the additional interrogatories. While Plaintiff estimated the number of interrogatories needed to correspond to issues found in certain paragraphs of his complaint, that information is insufficient to show a need for additional interrogatories, particularly dozens of them. The motion should have included proposed interrogatories and specifically stated why those additional interrogatories are necessary. Therefore, the Court finds Plaintiff has not shown that he will need to propound 200 interrogatories in this case.

Moreover, at least at the time Plaintiff filed his request, it appears he had not yet propounded all twenty-five interrogatories to either Defendant. Plaintiff cannot claim additional interrogatories are needed before he has exhausted the twenty-five allowed by Rule 33(a)(1).

In sum, Plaintiff's request of December 29, 2023 will be denied.

<u>Plaintiff's February 29, 2024 Motion</u>

Plaintiff seeks leave to propound an additional eleven interrogatories, for a total of thirty-six, to Defendant Price. (Doc. 51.)

Initially, to the extent Plaintiff argues the additional interrogatories should be permitted because he "cannot do any depositions" as a result of his confinement and indigency, interrogatories are his "only avenue," the argument is unavailing. *See McMillan v. Ringler*, No.

4

1   2:13-cv-0578 MCE KJN P, 2016 WL 6803668, at *7 (E.D. Cal. Nov. 17, 2016) ("Plaintiff's
2   argument that he should be able to obtain more information through additional interrogatories
3   because he is unable to depose the individuals is unavailing. There are different discovery devices
4   available to the parties, and plaintiff is not entitled to more of one discovery device because he
5   cannot depose a party") (internal citation omitted).

6        Nevertheless, the Court finds that Plaintiff's explanation coupled with a review of his
7   additional interrogatories, identified as "set five," sufficient to meet his burden under Rule 33(a).
8   *McClellan*, 2015 WL 5732242, at *1 The majority of the additional interrogatories appear to
9   relate to his claims in this action. And as to this request, there is no basis to find that Plaintiff is
10  using the interrogatory process as a means to harass Defendants. Notably too, the discovery
11  deadline does not expire until May 13, 2024. Plaintiff's request is granted only to the additional
12  interrogatories as set forth in Exhibit A to his February 29, 2024 motion. (*See* Doc. 51 at 5-10.)
13  Accordingly, Defendant Price will be directed to file a response to Plaintiff's fifth set of
14  interrogatories.

*Remainder of This Page Intentionally Left Blank*

5

### III. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for additional interrogatories filed December 29, 2023 (Doc. 40) is **DENIED**;
2. Plaintiff's motion for additional interrogatories filed February 29, 2024 (Doc. 51) is **GRANTED**; and
3. Defendant Price is **DIRECTED** to file a response to Plaintiff's additional interrogatories, identified as "set five" in Exhibit A to Plaintiff's February 2024 motion, **within 45 days** of the date of this order.

IT IS SO ORDERED.

Dated:   **March 8, 2024**                    _____
                                              UNITED STATES MAGISTRATE JUDGE