UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-01191-NODJ-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE BY WRITTEN QUESTIONS**<br><br>(Doc. 31)<br><br>**ORDER GRANTING REQUEST FOR SUBPOENAS** |

Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state law violations.

**I.　INTRODUCTION**

On September 13, 2023, the Court issued its Discovery and Scheduling Order (Doc. 28).

On October 30, 2023, Plaintiff filed a document titled "Plaintiff's Request for Leave To Depose By Written Questions Pursuant To Fed. R. Civ. P. Rule 31." (Doc. 31.) Defendants filed an opposition on November 14, 2023. (Doc. 33.)

*Plaintiff's Motion*

Plaintiff seeks to depose the Coalinga State Hospital Staff Information Systems Analyst and "third party individuals" by written questions. (Doc. 31.) He states he sent meet and confer

letters and telephoned Deputy Attorney General Lien "in order to get stipulations on discovery, such as depositions," but received no response. (*Id*. at 1.) Plaintiff asks the Court to "appoint an Officer to do the Written Questions pursuant to Fed. R. Civ. P. Rule 28 (a) (1) (B)" and does not object to the appointment of an individual from the Attorney General's Office if that individual has "no ties to this case." (*Id*.) Plaintiff also requests the Court "waive any fees attributed to the Officer" due to his indigency. (*Id*.) As to the third-party individuals, Plaintiff seeks to depose the Chief of Police and the lieutenant and sergeant "supervising the property room/package room" at Coalinga State Hospital. (*Id*. at 2.) He contends they "played a role in determining what property is contraband and the reasons why the property is deemed contraband." (*Id*.) He seeks to depose the Staff Information Systems Analyst "which is key in obtaining evidentiary value of alternative methods of minimizing violations" alleged in his complaint. (*Id*.) Further, Plaintiff seeks "leave to depose both defendants and third party individuals up to 10 times each," but "does not expect to do that many written depositions each." (*Id.*) He does so in "anticipation that [there] will be a lot of objections, clarifications and issues that comes up giving written questions." (*Id*.) Finally, Plaintiff seeks the issuance of four subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure to the Staff Information Systems Analyst, the Chief of Police, and the lieutenant and sergeant "supervising the property room/package room" at Coalinga State Hospital "for appearance to be deposed by written questions." (*Id*.)

### *Defendants' Opposition*

Defendants contend an individual from the Attorney General's Office cannot serve as the deposition officer because Rule 31(b) requires the officer be a court reporter who (1) takes the deponent's testimony in response to the written questions, (2) prepares and certifies the deposition, and (3) sends the transcript to the noticing party. (Doc. 33 at 2.) Defendants assert Plaintiff cannot establish anyone at the Attorney General's Office satisfies that criteria because the office does not employ court reporters and thus Plaintiff's request must be denied. (*Id*. at 2-3.) Next, Defendants maintain the *in forma pauperis* statute does not authorize the expenditure of funds for deposition transcripts, court reporter fees, or witness fees. (*Id*. at 3.) Therefore, because Plaintiff is not exempt from having to pay the costs associated with the taking of depositions, his

1   request for waiver of those fees must be denied. (*Id.*) Next, Defendants contend Plaintiff has
2   failed to carry his burden of proof as it concerns exceeding the presumptive limit of ten
3   depositions per side. (*Id.*) They contend courts typically require a party to exhaust the allowable
4   number before moving to take additional depositions and because "Plaintiff has not even taken
5   one deposition, he has failed to make a particularized showing of the need for a single additional
6   deposition beyond the presumptive limit of ten." (*Id.*) Finally, Defendants assert Plaintiff's pro se
7   status does not amount to good cause permitting him to take nine additional depositions of each
8   deponent, citing to Local Rule 183(a) and Rule 26(b)(2)(C) of the Federal Rules of Civil
9   Procedure. (*Id.* at 4.)

## II.   DISCUSSION

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff seeks leave of Court to depose parties and non-parties. (Doc. 31 at 1-2.) However, Plaintiff does not need the Court's permission to depose Defendants or non-party individuals. *See* Fed. R. Civ. P. 30; *Ramirez v. Miranda*, No. 3:20-CV-2280-DMS-AHG, 2021 WL 11622610, at *3 (S.D. Cal. July 22, 2021) ("Rule 30(a) and Rule 31(a) allow any party to depose any person, including another party, without leave of Court (unless the person to be deposed is also confined in prison, in which case leave of Court must be obtained)"); *Lopez v. Horel*, No. C 06-4772 SI PR, 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007) (denying plaintiff's motion for permission to take written depositions as unnecessary since plaintiff did not need court permission to conduct such depositions). If Plaintiff chooses to proceed with a deposition by written questions, he will need to serve a deposition subpoena that identifies (1) the witness who will be deposed, (2) the officer who will take the deposition, (3) a list of the specific questions the witness will be asked, and (4) the date and time the deposition will occur. *See Harrell v. Jail*, No. 2:14-cv-1690-TLN-CKD-P, 2015 WL 8539037, at *1 (E.D. Cal. Dec. 11, 2015). Defendants would be granted an opportunity to send the witness cross-examination

1  questions. *Id*. Plaintiff would then be permitted to send written re-direct questions, and
2  Defendants would be permitted to provide re-cross-examination questions. *Id*.

3  Nevertheless, Plaintiff will be responsible for the cost of any depositions that he seeks to
4  take. Plaintiff's requests to waive the associated fees are denied. *Dalke v. Clark*, No. 1:20-cv-
5  00534-AWI-SAB (PC), 2021 WL 1546208, at *1 (E.D. Cal. Apr. 20, 2021) (noting that the
6  plaintiff's "in forma pauperis status does not entitle him to free services from the court, such as
7  scheduling, conducting, or recording the deposition, or to utilize defendants' resources for the
8  deposition"); *Jackson v. Woodford*, 2007 WL 2580566, at *1. (S.D. Cal. August 17, 2007)
9  ("Plaintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or
10 deposition officer fees"). Here, Plaintiff has not shown that he can pay the cost associated with
11 written depositions, which would include fees for a deposition officer and court reporter, the cost
12 of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). *Harrell*, 2015
13 WL 8539037, at *2. The court in *Lopez* observed, "[i]f plaintiff wants to depose [a witness] on
14 written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and
15 arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation
16 to do so." *Lopez*, 2007 WL 2177460, at *2. The *Lopez* court further noted that a Rule 31
17 deposition "may sound like an inexpensive way for a prisoner to do discovery but usually is not."
18 *Id*., n.2.

19 As concerns Plaintiff's request that the Court appoint an individual to perform the task of
20 deposing by written questions, the request is denied. It is Plaintiff's obligation to make the
21 necessary arrangements. Plaintiff is reminded that his *in forma pauperis* status does not authorize
22 expenditure of public funds for deposition transcripts, court reporter fees, or witness fees. *See* 28
23 U.S.C. § 1915. Nor will the Court appoint an individual from the Attorney General's Office to act
24 in that capacity. *Lopez*, 2007 WL 2177460, at *2; *see Reid v. Green*, No. 1:22-cv-00549-ADA-
25 EPG (PC), 2023 WL 8242189, at *3 (E.D. Cal. Nov. 28, 2023) ("To the extent Plaintiff's Request
26 to Interview Notary Cornell [] can be construed as an attempt to designate a deposition officer,
27 there does not appear to be an assent to this arrangement by the Notary nor is it sufficient to meet
28 the requirements of Rule 31 even if there was an agreement. The deposition officer merely reads

the questions; a court reporter is still required to record the responses").

Next, pursuant to Rule 30 of the Federal Rules of Civil Procedure, absent a stipulation, a party must obtain leave of the court to obtain more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). "[T]he court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). And (b)(2) states: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: [¶] (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [¶] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or [¶] (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

The presumptive limit of ten depositions per side is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." *Id.* at 600*; Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS (DHB), 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016) (same). Generally, courts require a party to exhaust their allowed number of depositions before moving to conduct additional depositions. *Thykkuttathil*, 294 F.R.D. at 600; *Kaseberg*, 2016 WL 8729927, at *3; *Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2018 WL 5993585, at *1 (E.D. Cal. Nov. 6, 2018).

Courts find that "allowing additional depositions without analyzing the need for the first 10 depositions would reward a party for taking superfluous depositions early in the course of

5

1  discovery." *Galajian v. Beard*, No. C15-0955JLR, 2016 WL 5373116, at *2 n.3 (W.D. Wash.
2  Sept. 26, 2016). "Pursuant to Rule 26(b)(2)(C), courts have found it proper to deny additional
3  depositions where they would be cumulative, without proper purpose, e.g., there is no evidence
4  they would reveal anything other than what a party had already obtained, the party had ample
5  opportunity to obtain the information by discovery in the action, or they would create an
6  unreasonable burden or expense." *Kaseberg*, LLC, 2016 WL 8729927, at *3.

7  Here, Plaintiff seeks "leave to depose both defendants and third party individuals up to 10
8  times each" in anticipation of numerous objections. (Doc. 31 at 2.) Plaintiff has not indicated he
9  has exhausted the ten presumptive depositions to which he is otherwise entitled. Nor has Plaintiff
10 made a particularized showing for the need of more than ten depositions – anticipated objections
11 do not amount to a particularized need. *Thykkuttathil*, 294 F.R.D. at 600; *Kaseberg*, 2016 WL
12 8729927, at *3. Moreover, Plaintiff's request for "up to" ten depositions for two named
13 Defendants and four non-party individuals—amounting to "up to" sixty possible depositions—is,
14 in short, unreasonable. *Thykkuttathil*, 294 F.R.D. at 599. Plaintiff's request will be denied.

15 Finally, Plaintiff requests four subpoena forms so that he may seek to compel the
16 appearance of the Staff Information Systems Analyst, the Chief of Police, and the lieutenant and
17 sergeant "supervising the property room/package room" at Coalinga State Hospital for written
18 depositions. (Doc. 31 at 2.) Rule 45(a)(3) of the Federal Rules of Civil Procedure provides that
19 "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."
20 However, before a subpoena is issued, the court must ensure that the party serving the subpoena
21 has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity
22 to be served with the subpoena. Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, No. 1:04-cv-05104-
23 DLB-PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to
24 expend its resources personally serving a subpoena is not taken lightly by the court"). The Court
25 will provide Plaintiff with four signed subpoena forms so that he can seek discovery from these
26 individuals identified in his motion. However, Plaintiff is advised that the Court will not direct the
27 U.S. Marshal to serve the subpoenas unless Plaintiff demonstrates to the Court that (1) the
28 information sought by each subpoena cannot be obtained from Defendants via other, less

burdensome means, and (2) he has adequate funds to pay for the depositions. *See* 28 U.S.C. § 1915; *Lopez*, 2007 WL 2177460, *2

### III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to take written depositions and to exceed the number of depositions permitted (Doc. 31) is **DENIED**; and

2. The Clerk of the Court is directed to provide Plaintiff with four signed but otherwise blank subpoena forms with this order. *See* Fed. R. Civ. P. 45(a)(3). Plaintiff shall return the completed subpoena forms and demonstrate to the Court (1) that the information sought by each subpoena cannot be obtained from Defendants via other, less burdensome means, and (2) that he has adequate funds to pay for the depositions, before the Court will issue the subpoenas and order service by the United States Marshal.

IT IS SO ORDERED.

Dated:   **March 8, 2024**                               _____
                                                                      UNITED STATES MAGISTRATE JUDGE

7