UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01191-NODJ-CDB (PC)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 42) |

Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state law violations.

**I.   INTRODUCTION**

On September 13, 2023, the Court issued its Discovery and Scheduling Order. (Doc. 28).

On January 24, 2024, Plaintiff filed a document titled "Plaintiff's Request For A Modification Of Discovery And Scheduling Order, Doc. 27." (Doc. 42.) Defendants filed a response to the request on February 14, 2024. (Doc. 47.)

**II.   DISCUSSION**

Briefly stated, Plaintiff asks the Court to modify its Discovery and Scheduling Order because a number of his requests relating to discovery are pending determination by the Court.

(Doc. 42 at 1.) He contends each pending request "will effect the discovery litigation the Plaintiff will need to do." (*Id*.) Plaintiff notes he is awaiting responses from Defendants to certain discovery requests and states that upon receipt "he will have to do more Meet and Confer letters and possibly a Motion to Compel." (*Id*. at 2.) He states that if the Court were to grant his requests for additional interrogatories, an additional four or five months may be necessary to complete discovery. (*Id*.) Plaintiff believes he will be unable to meet the current discovery deadline given his recent discovery requests and the discovery-related requests that have yet to be determined by the Court. (*Id*. at 2-3.) He asks that the discovery deadline to modified "to allow the Plaintiff a fair opportunity to obtain the evidence he needs to support his position in any dispositive motion or trial." (*Id*. at 3.)

Defendants disagree with Plaintiff's "assertions in the Request and reserve the right to object to assert applicable objections to the discovery requests" he has "served thus far or may serve in the future." (Doc. 47 at 1.) However, Defendants do not object to an extension of the discovery deadline until November 15, 2024 and correspondingly request an extension of the deadline for filing their merits-based motion for summary judgment to January 31, 2025. (*Id*. at 1-2.) Defendants assert good cause exists for the extension because a new deputy attorney general has been assigned to this matter and will require additional time to review all discovery, familiarize himself with the pleadings, "and generally come up to speed on this matter." (*Id*. at 2.)

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Here, the Court finds both parties have established good cause to modify the Discovery and Scheduling Order. The Court will extend the remaining deadlines, to wit: the discovery deadline and the deadline for the filing of dispositive motions. In separate orders dated yesterday and today (Docs. 52-54), the Court has denied various aspects of Plaintiff's then-pending discovery motions that obviate the need for any lengthier extension of the period for undertaking discovery than that granted herein.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to modify the Discovery and Scheduling Order (Doc. 42) is **GRANTED**;
2. The deadline for the completion of all discovery is **extended** from May 13, 2024 **to November 15, 2024**; and
3. The deadline for the filing of any dispositive motion is **extended** from July 22, 2024 **to January 31, 2025**.

IT IS SO ORDERED.

Dated:   **March 8, 2024**                              _____
                                                                              UNITED STATES MAGISTRATE JUDGE