UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA FORSTER,

            Plaintiff,

     v.

STEPHANIE CLENDENIN, et al.,

            Defendants.

Case No.: 1:22-cv-01191-NODJ-CDB (PC)

**ORDER RE PLAINTIFF'S MOTIONS FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES**

(Docs. 59, 62, 63)

      Plaintiff Joshua Forster is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's Fourteenth Amendment rights and related state law violations.

### I.      BACKGROUND

      On September 13, 2023, the Court issued its Discovery and Scheduling Order (Doc. 28).

      On December 29, 2023, Plaintiff filed a "Request For Leave to Propound Additional Interrogatories." (Doc. 40.) Defendants filed an opposition on January 16, 2024. (Doc. 41.)

      On February 29, 2024, Plaintiff filed a second "Request For Leave to Propound Additional Interrogatories." (Doc. 51.)

      On March 8, 2024, the Court issued its Order Denying Plaintiff's Request for Additional Interrogatories filed December 29, 2023, and Order Granting Plaintiff's Request for Additional

1    Interrogatories filed February 29, 2024. (Doc. 54.) That same day, the Court issued its Order

2    Denying Plaintiff's Motion for Leave to Depose by Written Questions and Order Granting

3    Request for Subpoenas (Doc. 55), as well as its Order Granting Plaintiff's Request to Modify the

4    Discovery and Scheduling Order (Doc. 56).

5            On April 8, 2024, Plaintiff filed a Request for Leave to Propound Additional

6    Interrogatories specific to Defendant Price. (Doc. 59.) On April 15, 2024, Defendants filed their

7    opposition to the request. (Docs. 60 & 61.)

8            On April 19, 2024, Plaintiff filed a Request for Leave to Propound Additional

9    Interrogatories, again concerning Defendant Price. (Doc. 62.) That same day, Plaintiff filed a

10   Request for Leave to Propound Additional Interrogatories concerning Defendant Clendenin.

11   (Doc. 63.) On May 3, 2024, Defendants filed their combined opposition to Plaintiff's requests.

12   (Docs. 64 & 65.)[1]

13       **II.      DISCUSSION**

14              *A.  Applicable Legal Standards*

15           "District courts have 'broad discretion to manage discovery and to control the course of

16   litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606,

17   616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir.

18   2011)).

19           An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and

20   an interrogatory is not objectionable merely because it asks for an opinion or contention that

21   relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).

22           Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per

23   party, including discrete subparts, but the Court may grant leave to serve additional

---

[1] During the drafting of this order, on May 28, 2024, Plaintiff filed a reply to Defendants' combined opposition. (Doc. 67.) The reply is signed and dated May 22, 2024, and was served that same date. (*Id*. at 3.) However, because Defendants' opposition was filed May 3, 2024, any reply by Plaintiff was to be served and filed within 14 days, or no later than May 17, 2024. (*See* Local Rule 230(*l*) ["The moving party may, not more than fourteen (14) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired"].) Plaintiff's motions were deemed submitted as of May 17, 2024, when the time to reply expired. Therefore, his untimely reply to Defendants' combined opposition was not considered by the Court.

interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33. While, ordinarily, a party requesting additional interrogatories must make a "particularized showing" as to why additional discovery is necessary, a party proceeding pro se is held to a somewhat lesser standard and need only show "good cause." *See McClellan v. Kern County Sheriff's Office*, No. 1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citing Fed. R. Civ. P. 26(b)(1)); *Cantu v. Garcia*, No. 1:09-cv-00177 AWI DLB PC, 2013 WL101667, at *3 (E.D. Cal. Jan. 8, 2013); *McNeil v. Hayes*, No. 1:10-cv-01746-AWI-SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014); *Eichler v. Tilton*, No. CIV S–06–2894 JAM CMK P, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3, 2010). An incarcerated party's highly limited ability to conduct a deposition in prison may contribute to a finding of good cause to file additional interrogatories. *See McNeil*, 2014 WL 1125014, at *2; *see also Brown v. Chothia*, No. 1:19-cv-00352-EPG (PC), 2020 WL 6060682, at *1 (E.D. Cal. Oct. 14, 2020).

Pursuant to Rule 33(a), once the moving party has made the appropriate showing, the court shall grant leave if it is consistent with Rule 26(b)(2). Rule 26 states that the court must limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26 (b)(2)(C).

### B.  Plaintiff's Request filed April 8, 2024

Plaintiff requests leave to propound 16 additional interrogatories, for a total of 52 interrogatories, on Defendant Price. (Doc. 59.) Plaintiff contends this action involves "complex

1   issues that will require[] many questions the Plaintiff will need to propound to support his

2   claims." (*Id.* at 2.) Plaintiff asserts he "cannot do any depositions on the Defendant" and thus the

3   only avenue available to him "is through interrogatories." (*Id.*) Plaintiff's request includes the

4   proposed 16 additional interrogatories, identified as "Request for Interrogatories, Set Six." (*Id.* &

5   Ex. A.)

6          Defendants oppose Plaintiff's request. (Doc. 60.) Defendants contend Plaintiff's "request

7   is excessive in light of the nature of this case: A civil-detainee at a state hospital purportedly

8   being treated differently in a few ways than inmates in state prison. This case is not an especially

9   complex matter that justifies the extensive additional interrogatories that Plaintiff now seeks to

10  serve." (*Id.* at 2.) Defendants also contend Plaintiff "does not explain in any detail why he needs

11  those interrogatories, or why the 44 interrogatories he has already served on Price, or the 32

12  interrogatories he has already served on Clendenin, combined with the more than 200 requests for

13  admission he has already served," are inadequate. (*Id.* at 3.) Defendants asserts this lack of

14  specificity makes it difficult to assess whether the burden of additional discovery is outweighed

15  by its likely benefit. (*Id.*) Defendants argue that while the proposed additional interrogatories

16  "generally relate to the subject" of Plaintiff's operative complaint, he fails to offer "any

17  particularized explanation of why these questions are necessary or critical to his case, or why he

18  did not serve the requests as part of the 61 interrogatories he has already received permission to

19  serve." (*Id.*) As a result, Defendants assert Plaintiff's request should be denied. (*Id.* at 4.)

20                                        **<u>Analysis</u>**

21         Initially, the Court notes the parties assign different figures concerning the number of

22  interrogatories already served in this action throughout the relevant filings. For example, as noted

23  above regarding the April 8, 2024, request concerning Defendant Price, Plaintiff states he seeks to

24  serve "sixteen (16) additional interrogatories" for a total of "fifty two (52) interrogatories" (*see*

25  Doc. 59 at 1) whereas Defendants states Plaintiff has already served "44 interrogatories" on Price

26  (*see* Doc. 60 at 3). The Court's focus is on the need for additional interrogatories despite any

27  discrepancies as to current totals in the parties' pleadings.

28         "Discovery must be limited if it is unreasonably cumulative or duplicative … but that

                                              4

inquiry must be viewed through the lens of Plaintiff's pro se status. Pro se litigants are necessarily accorded more latitude than attorneys given their lesser skill set." *McNeil*, 2014 WL 1125014, at *2. Here, Plaintiff states, in part, he will be unable to take depositions in this matter and therefore interrogatories are a discovery tool that remains open to him as a detained individual; that fact weighs in Plaintiff's favor. *See McNeil*, 2014 WL 1125014, at *2 ("depositions, which would relieve some of the pressure created by having to respond to interrogatories, are simply not a realistic option, as incarcerated pro se litigants are rarely in the position to conduct depositions and this case apparently presents no exception"); *Brown*, 2020 WL 6060682, at *1 (same). Plaintiff has demonstrated sufficient good cause to propound additional interrogatories as discussed more fully below. Fed. R. Civ. P. 26(b)(1).

The Court has reviewed Plaintiff's proposed additional interrogatories (Doc. 59 at 7-11 [Ex. A]) and finds that Proposed Interrogatory Nos. 37, and 42 through 52, are appropriate and Defendants' arguments in opposition to be unpersuasive. While the Court acknowledges Plaintiff's belief that this action involves complex issues and Defendants' assertion that the claims are not particularly complex, a review of the operative complaint and this Court's screening order reveals there are a material number of subjects and matters at issue in connection with Plaintiff's claims. Those include decisions to limit or restrict access to resources typically afforded to prisoners (e.g., internet access and devices, packages, and nutritional supplements) and access to mental health treatment and programs that give Plaintiff a realistic opportunity to be cured and released. Therefore, in the Court's review, complexity is not the concern; rather, the issue involved permitting discovery that affords Plaintiff a reasonable opportunity to support his varied claims while remaining cognizant of the potentially cumulative, duplicative, or overburdensome nature of Plaintiff's requests. Fed. R. Civ. P. 26(b)(2).

The Court finds that Proposed Interrogatory Nos. 38, 39, 40 and 41 involve subject matter for which Plaintiff has not made a sufficient showing considering the claims in this action. Other than generally stating this action involves complex issues that will require answering numerous questions, considering the specific claims articulated in the operative complaint, questions pertaining to whether "polygraphs are required" or "Penile Plethysmograph (PPG) are required,"

do not appear relevant to Plaintiff's claims. *Hallet v. Morgan*, 296 F.32d 732, 751 (9th Cir. 2002).

In sum, Defendant Price will be ordered to provide responses to Proposed Interrogatory Nos. 37, and 42 through 52, as the Court finds they are not unreasonably cumulative or duplicative, nor can they be obtained from some other source that is more convenient, less burdensome, or less expensive. He will not be ordered to provide responses to Proposed Interrogatory Nos. 38 through 41.

### C. *Plaintiff's Requests filed April 19, 2024*

In his first request filed April 19, 2024, Plaintiff requests leave to propound "Interrogatories 51-149, inclusive, (100) additional interrogatories on Defendant Price." (Doc. 62.) Plaintiff again contends this action involves "complex issues that will require[] many questions the Plaintiff will need to propound to support his claims" and that he "cannot do any depositions on the Defendant" and thus the only avenue available to him "is through interrogatories." (*Id.* at 2.) Plaintiff asserts the additional interrogatories are "relevant to the issues of Jones v. Blanas [(9th Cir. 2004) 393 F.3d 918] standards, the two objectives to punishment, adequate and effective treatment and why any evidence the Defendants may have that pertain to their Defenses or to secure future evidence that pertain to their Defenses to be supplemented." (*Id.*) Plaintiff states his request includes the proposed additional interrogatories, identified as "Request for Interrogatories, Set Seven." (*Id.* & Ex. A.)

In his second request filed April 19, 2024, Plaintiff requests leave to propound 37 additional interrogatories to Defendant Clendenin. (Doc. 63.) Plaintiff contends this action involves "complex issues that will require[] many questions the Plaintiff will need to propound to support his claims" and that he "cannot do any depositions on the Defendant" and thus the only avenue available to him "is through interrogatories." (*Id.* at 2.) Plaintiff asserts the additional interrogatories are "relevant to the issues of Jones v. Blanas [(9th Cir. 2004) 393 F.3d 918] standards, the two objectives to punishment, adequate and effective treatment and why any evidence the Defendants may have that pertain to their Defenses or to secure future evidence that pertain to their Defenses to be supplemented." (*Id.*) Plaintiff states his request includes the proposed additional interrogatories, identified as "Request for Interrogatories, Set Six." (*Id.* & Ex.

A.)

Defendants filed a combined opposition to Plaintiff's April 19, 2024, requests. (Doc. 64.) They again contend Plaintiff's requests are excessive given the "nature of this case: A civil-detainee at a state hospital purportedly being treated differently in a few ways than inmates in state prison. This case is not an especially complex case that justifies the extensive additional interrogatories Plaintiff now seeks to serve." (*Id*. at 2.) Defendants assert most of the proposed additional interrogatories "either (a) ask for an opinion about the California Department of Corrections policies that Defendants do not know about because they do not work for the Department of Corrections; (b) ask multi-subpart questions about responses to a number of the more than 200 requests for admission served in this case; or (c) ask for opinions on security issues at DSH-Coalinga or how well the Sex Offender Treatment Program (SOTP) functions that are not relevant to the dispute here." (*Id*.) Defendants assert Plaintiff has failed to demonstrate good cause because he did not provide "a specific explanation why those proposed interrogatories are necessary in light of the voluminous discovery already propounded." (*Id*. at 3.) Defendants assert this lack of specificity makes it difficult to assess whether the burden of additional discovery is outweighed by its likely benefit. (*Id*.) Defendants argue that while the proposed additional interrogatories "generally relate to the subject" of Plaintiff's operative complaint, he fails to offer "any particularized explanation of why these questions are necessary or critical to his case, or why he did not serve the requests as part of the 61 interrogatories he has already received permission to serve." (*Id*. at 4.)

Next, Defendants state "the substance of the additional questions reveal that Plaintiff cannot make the particularized showing necessary," citing to "16 questions seeking her opinion or understanding of certain California Department of Corrections policies (Nos. 38-45, 49-55, 58) four questions that ask Clendenin to offer a legal opinion (Nos. 36-37, 46-47); and five of questions asking for her opinion of institutional security (Nos. 48, 56-57 and 59-61)." (Doc. 64 at 4.) Defendants contend that "Clendenin's personal opinion is simply not relevant to this case" and the questions are therefore improper. (*Id*.) Additionally, concerning the additional interrogatories to Defendant Price, Defendants maintain "19 questions seeking [his] opinion or understanding of

certain California Department of Corrections policies (Nos. 66-73, 77-83, 86, 128-129); four questions that ask Price to offer a legal opinion (Nos. 64-65, 74-75); and 24 of questions asking for his opinion of institutional security and the course of Plaintiff's treatment (Nos. 76, 84-85, 87-90, 122-127, 130-138 and 148-149)" and the "31 multisubpart questions about responses to a number of the more than 200 requests for admission served in this case (Nos. 91-121)" do not "actually go to the heart of the dispute, in large part because Price is not a licensed psychologist, has no role in forming or implementing Department of Corrections policies, and his opinion of various matters simply does not bear on the issues here." (*Id*.) Defendants contend the proposed additional interrogatories "do not include contention interrogatories asking for the factual basis for the affirmative defenses asserted here," and that while that is a proper subject of discovery, Plaintiff fails to "offer any explanation why he failed to include these questions in the first 66 interrogatories he had permission to serve." (*Id*. at 4-5.) Thus, in the absence of a particularized showing, Defendants contend Plaintiff's requests should be denied. (*Id*. at 5.)

<u>**Analysis**</u>

As a point of clarification, Defendants' oppositions seem to alternate between assertions that Plaintiff must make a "particularized" showing and that he must show good cause. As noted above, a party proceeding pro se is held to a lesser standard than the particularized showing applicable in represented actions. A pro se party must show good cause for additional discovery. *See McClellan*, 2015 WL 5732242, at *1.

The Court has reviewed Plaintiff's proposed additional interrogatories to Defendants Clendenin and Price and specifically finds as follows.

**Defendant Clendenin**

<u>Proposed Interrogatory Nos. 38 through 45, 49 through 55, and 58</u>

Defendants contend these "16 questions [seek Defendant Clendenin's] opinion or understanding of certain California Department of Corrections policies" and are therefore improper.

Generally, an interrogatory is not objectionable merely because it asks for an opinion that relates to fact or the application of law to fact. *See* Fed. R. Civ. P. 33(a)(2). Here, the inquiries

posed in the proposed interrogatories concern the Department of State Hospitals' consideration, if any, of California Department of Corrections and Rehabilitation policies concerning such issues as vocational and educational courses, personal clothing, electronic devices, phone systems, and food or nutritional items. These issues are relevant to the conditions of confinement claims raised here because Plaintiff asserts that Defendant Clendenin's intentional decisions to limit or restrict access to resources typically afforded to prisoners have been denied to him as a civil detainee in violation of the Fourteenth Amendment. Further, Defendant Clendenin is the Director of the Department of State Hospitals and would appear to be the individual to whom such inquiries are best directed; she presumably decides what policies are implemented in the state's institutions and what opinions or understandings she may hold are relevant and appear to be reasonably calculated to lead to the discovery of admissible evidence.

Defendant Clendenin will be ordered to provide responses to Proposed Interrogatory Nos. 38 through 45, 49 through 55, and 58, as the Court finds they are not unreasonably cumulative or duplicative, nor can they be obtained from some other source that is more convenient, less burdensome, or less expensive.

<u>Proposed Interrogatory Nos. 36 through 37, and 46 through 47</u>

Defendants maintain the proposed interrogatories improperly seek Defendant Clendenin's legal opinion.

Proposed Interrogatory No. 36 reads:

> In YOUR Answer to the First Amended Complaint, under Affirmative Defense No. 12 YOU contend Defendants are entitled to qualified immunity. Please explain what laws of qualified immunity applies to the facts of the complaint.

Proposed Interrogatory No. 37 reads as follows:

> In *Jones v Blanas*, 393 F. 3d 918 (9th cir. 2004), the court states "persons who have been involuntarily committed are entitled to more consideration treatment and conditions of confinement tha[n] criminal whose conditions are designed to punish." *Id.* at 931. Please state YOUR understanding of this Ninth Circuit holding.

Proposed Interrogatory No. 46 reads:

> Many decisional laws, both state and federal, state there are two objective relevant to punishment, deterrence and retribution. In

9

YOUR opinion, do YOU feel deterrence can be a factor in implementing an item to be contraband?

      a.  If so, please in YOUR opinion, justify why deterrence, an objective of punishment can be used in implementing regulations on civil detainees, such as the Plaintiff.

Proposed Interrogatory No. 47 states:

Many decisional laws, both state and federal, state there are two objective relevant to punishment, deterrence and retribution. In YOUR opinion, do YOU feel retribution (meaning the act of one or a few patients) can be a factor in implementing an item to be contraband?

      a.  If so, please in YOUR opinion, justify why retribution, an objective of punishment can be used in implementing regulations on civil detainees, such as the Plaintiff.

(Doc. 63 at 10, 11-12.)

The Court finds these inquiries appropriate. In Proposed Interrogatory No. 36 Plaintiff is seeking Defendant Clendenin's explanation of an asserted affirmative defense (qualified immunity) to the facts asserted in his complaint. Fed. R. Civ. P. 33(a)(2) ("an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...."). Proposed Interrogatory No. 37 asks for Defendant Clendenin's *understanding* of a quotation from Ninth Circuit's holding in *Jones v. Blanas*, legal authority relevant to Plaintiff's claims. (*See* Doc. 11 at 7-10.) She is not asked to give a legal opinion, nor is the subject beyond the scope of discovery because it is relevant to the claims at issue. Proposed Interrogatory Nos. 46 and 47 seek Defendant Clendenin's opinion regarding the objectives behind "punishment" as they relate to the implementation of policies or regulations concerning contraband, and how those objectives may affect policies or regulations to which Plaintiff, as a civil detainee, is subjected. The inquiries are plainly relevant to his claims. Fed. R. Civ. P. 33(a)(2). Defendant Clendenin will be ordered to provide responses to Proposed Interrogatory Nos. 36 and 37 and 46 and 47.

<u>Proposed Interrogatory Nos. 48, 56 and 57, and 59 through 61</u>

Defendants maintain these five questions pertain to institutional security and that Defendant Clendenin's "personal opinion" is not relevant.

10

Proposed Interrogatory No. 48 states:

> In YOUR opinion, do YOU feel YOU can deem property items contraband solely on the hypothetical theory of misuse of that item.

Proposed Interrogatory No. 56 reads:

> Please explain in YOUR opinion, why YOU feel the Plaintiff will misuse an item on CSH Site Contraband List in criminal activity.

Proposed Interrogatory No. 57 states:

> Without citing or quoting any statute or regulation, in YOUR opinion, why do YOU feel YOU can deny the Plaintiff property items based on other patients conduct?

Proposed Interrogatory No. 59 reads:

> Please explain in YOUR opinion, why at CSH, visitors are not allowed to bring in food to visiting?
>   a. If it is because of contraband being brought in, in the food, then how many times has this happened in the last 10 years? Or
>   b. Is it to make it easier for DPS to process visitors in?

Proposed Interrogatory No. 60 states:

> In YOUR response to the renumbered Interrogatory 25, section b, YOU stated, "… presents a risk of to the safety and security of the facility as a whole …" In YOUR opinion without quoting any statutes or regulations, how does one or a few patients' misuse of a property item dictate that it is a risk for the facility as a whole?

Finally, Proposed Interrogatory No. 61 reads:

> It is possible for YOU to implement or have implemented a server accessible for Patient use at Coalinga State Hospital with secure and restricted access to the internet? With the following specifications:
>   a. Secure enough to block patients from web-sites and areas of the internet with a white list and black? (The white list allows patients to access certain sites on the internet and the black list blocks them from certain sites.)
>   b. The ability control what data a patient can store?
>   c. The ability to allow patients to send and receive emails?
>   d. The ability to allow patients to securely stream from Netflix or other streaming services?
>   e. The ability to allow patients to receive short video messages from love ones?
>   f. The ability to access legal resources (i.e. LexisNexis, Westlaw etc.)
>   g. The ability to access educational, rehabilitation, resources for discharge information?

11

(Doc. 63 at 12, 13-14.)

Generally, an interrogatory is not objectionable merely because it asks for an opinion that relates to fact or the application of law to fact. *See* Fed. R. Civ. P. 33(a)(2). The proposed interrogatories are relevant to Plaintiff's claims, and are not unreasonably cumulative or duplicative, nor can they be obtained from some other source that is more convenient, less burdensome, or less expensive. Defendant Clendenin will be ordered to provide responses to Proposed Interrogatory Nos. 48, 56 and 57, and 59 through 61.

Finally, to the extent Defendants' combined opposition can be understood to assert that Proposed Interrogatory Nos. 23 through 35 directed to Defendant Clendenin are improper, the argument is unpersuasive. These proposed interrogatories concern twelve of the affirmative defenses asserted in Defendants' answer to the operative complaint. All identify the affirmative defense by number and subject (i.e., "Affirmative Defense No. 1" "fail[ure] to exhaust [] administrative remedies") and all conclude with "Please state all the evidence on which YOU base this contention." (*See* Doc. 63 at 7-9.) An interrogatory that asks a defendant to state the facts supporting its affirmative defenses is a contention interrogatory under Rule 33(a)(2). *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). "Requiring a defendant to answer a contention interrogatory...is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires parties have some factual basis for their claims and allegations." *Id*. (citation omitted). Defendant Clendenin will be ordered to provide responses to Proposed Interrogatory Nos. 23 through 35.

**Defendant Price**

Proposed Interrogatory Nos. 51 through 63

Proposed Interrogatory Nos. 51 through 63 also concern twelve of the affirmative defenses asserted in Defendants' answer to the operative complaint. All identify the affirmative defense by number and subject (i.e., "Affirmative Defense No. 1" "fail[ure] to exhaust [] administrative remedies") and all conclude with "Please state all the evidence on which YOU base this contention." (*See* Doc. 62 at 8-10.) As above, the Court finds these interrogatories to be proper contention interrogatories. *Nat'l Academy*, 256 F.R.D. at 682. Defendant Price will be

12

required to respond to Proposed Interrogatory Numbers 51 through 63.

<u>Proposed Interrogatory Nos. 64, 65, 74 & 75</u>

Defendants object to four proposed interrogatories because they ask Defendant Price to offer a legal opinion.

Proposed Interrogatory No. 64 reads:

> In YOUR Answer to the First Amended Complaint, under Affirmative Defense No. 12 YOU contend Defendants are entitled to qualified immunity. Please explain what laws of qualified immunity applies to the facts of the complaint.

Proposed Interrogatory No. 65 reads as follows:

> In *Jones v Blanas*, 393 F. 3d 918 (9th cir. 2004), the court states "persons who have been involuntarily committed are entitled to more consideration treatment and conditions of confinement tha[n] criminal whose conditions are designed to punish." *Id*. at 931. Please state YOUR understanding of this Ninth Circuit holding.

Proposed Interrogatory No. 74

> Many decisional laws, both state and federal, state there are two objective relevant to punishment, deterrence and retribution. In YOUR opinion, do YOU feel deterrence can be a factor in implementing an item to be contraband?
>
> > b.  If so, please in YOUR opinion, justify why deterrence, an objective of punishment can be used in implementing regulations on civil detainees, such as the Plaintiff.

Proposed Interrogatory No. 75

> Many decisional laws, both state and federal, state there are two objective relevant to punishment, deterrence and retribution. In YOUR opinion, do YOU feel retribution (meaning the act of one or a few patients) can be a factor in implementing an item to be contraband?
>
> > b.  If so, please in YOUR opinion, justify why retribution, an objective of punishment can be used in implementing regulations on civil detainees, such as the Plaintiff.

(Doc. 62 at 10-12.)

Like the proposed interrogatories concerning Defendant Clendenin, the Court finds these inquiries appropriate. In Proposed Interrogatory No. 64, Plaintiff is seeking Defendant Price's explanation of an asserted affirmative defense (qualified immunity) to the facts asserted in his complaint. Fed. R. Civ. P. 33(a)(2) ("an interrogatory is not objectionable merely because it asks

13

for an opinion or contention that relates to fact or the application of law to fact....”). Proposed

Interrogatory No. 65 asks for Defendant Price's *understanding* of a quotation from Ninth

Circuit's holding in *Jones v. Blanas*, legal authority relevant to Plaintiff's claims. (*See* Doc. 11 at

7-10.) He is not asked to give a legal opinion, nor is the subject beyond the scope of discovery.

Proposed Interrogatory Numbers 74 and 75 seek Defendant Price's opinion regarding the

objectives behind “punishment” as they relate to the implementation of policies or regulations

concerning contraband, and how those objectives may affect policies or regulations to which

Plaintiff, as a civil detainee, is subjected. The inquiries are plainly relevant to his claims. Fed. R.

Civ. P. 33(a)(2). Defendant Price will be ordered to provide responses to Proposed Interrogatory

Nos. 64 and 65 and 74 and 75.

Proposed Interrogatory Nos. 66-73, 77-83, 86, 128-129

Defendants object on the basis these proposed interrogatories seek Defendant Price's

“opinion or understanding of certain California Department of Corrections policies.”

Generally, an interrogatory is not objectionable merely because it asks for an opinion that relates

to fact or the application of law to fact. *See* Fed. R. Civ. P. 33(a)(2). Here again, the inquiries

posed in the proposed interrogatories involve consideration, if any, of California Department of

Corrections and Rehabilitation policies concerning such issues as vocational and educational

courses, personal clothing, electronic devices, phone systems, and food or nutritional items. These

issues are relevant to the conditions of confinement claims raised in this action because Plaintiff

asserts that Defendant Price's intentional decisions to limit or restrict access to resources typically

afforded to prisoners have been denied to him as a civil detainee in violation of the Fourteenth

Amendment. Further, Defendant Price is the Executive Director of Department of State Hospital-

Coalinga, the facility in which Plaintiff is detained. Defendant Price will be ordered to provide

responses to Proposed Interrogatory Nos. 66-73, 77-83, 86, 128-129, as the Court finds they are

not unreasonably cumulative or duplicative, nor can they be obtained from some other source that

is more convenient, less burdensome, or less expensive.

Proposed Interrogatory Nos. 76, 84-85, 87-90, 122-127, 130-138 and 148-149

Defendants object on the basis these proposed interrogatories seek Defendant Price's

14

opinion of institutional security and the course of Plaintiff's treatment.

A review reveals that Proposed Interrogatory Nos. 76, 84, 85, 90, 127, 133 through 138, and 148-149 concern institutional safety and security, and Proposed Interrogatory Nos. 87 through 89, 122 through 124, 126 and 130 concern Plaintiff's treatment whereas Proposed Interrogatory Nos. 131 and 132 are not specific to Plaintiff but do concern treatment offered at the institution.

As noted above, an interrogatory is not generally objectionable merely because it asks for an opinion that relates to fact or the application of law to fact. *See* Fed. R. Civ. P. 33(a)(2). The operative complaint involves allegations of institutional safety and security insofar as Plaintiff challenges the conditions of his confinement, in part, based upon alleged restrictions in that regard. Based on the information before it, the Court does not find Proposed Interrogatory Nos. 76, 84, 85, 90, 127, 133 through 138, and 148-149, to be unreasonably cumulative or duplicative, obtainable from some other more convenient source, or overly burdensome. Moreover, to the degree Defendant Price has relevant information concerning the course of Plaintiff's treatment where the subject of the inquiries proposed relate to its availability to Plaintiff, the Court finds the inquiries relevant to Plaintiff's claims. Proposed Interrogatory Nos. 87 through 89, 122 through 124, 126 and 130 through 132, do not appear to be unreasonably cumulative or duplicative, obtainable from some other more convenient source, or overly burdensome.

In sum, Defendant Price will be directed to respond to Proposed Interrogatory Nos. 76, 84-85, 87-90, 122-127, 130-138 and 148-149.

<u>Proposed Interrogatory Nos. 91 through 121</u>

Defendants object on the basis these proposed interrogatories are multi subpart questions "about responses to a number of the more than 200 requests for admission served in this case" and do not concern "the heart of the dispute, in large part because Price is not a licensed psychologist, has no role in forming or implementing Department of Corrections policies, and his opinion of various matters simply does not bear on the issues here."

The Court has reviewed the proposed interrogatories and agrees with Defendants that they concern Defendants' responses to the requests for admissions propounded by Plaintiff and include

numerous subparts.[2] (*See* Doc. 62 at 14-32.) These requests are improper and unreasonably burdensome. *See Krause v. Hawaiian Airlines, Inc.*, No. 2:18-cv-00928 JAM AC, 2019 WL 3731732, at *6 (E.D. Cal. Aug. 8, 2019) ("'Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based...essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).' *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing 8A Wright, Miller & Marcus, Fed. Prac. & Pro. § 2252, at 524-25)").

### III.     CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion filed April 8, 2024 (Doc. 59) is **GRANTED in part and DENIED in part**. Defendant Price is directed to respond to Proposed Interrogatory Nos. 37, and 42 through 52, identified in Exhibit A to Plaintiff's motion as "[] Request For Interrogatories, Set Six", **within 45 days** of the date of this order;

2. Plaintiff's motion filed April 19, 2024 (Doc. 62) is **GRANTED in part and DENIED**

---

[2] For example, Proposed Interrogatory No. 91 reads:

> YOUR response to Admissions 47, from Set Three, states YOU deny that does not offer any Building Maintenance Vocational Class. This means that there is a Building Maintenance Vocational Education Class, right?
>
> a. If so, who is the instructor;
>
> b. What is the title of the book the class uses;
>
> c. How long does it take to complete the class;
>
> d. If YOU are talking about the Building Maintenance workers that goes around the hospital and fixes things and the workers get paid $7.25 an hour for two hours a day for a five day work week. Would YOU say this is actually a job assignment and not an actual class where patients are taught in a classroom?

(Doc. 62 at 14-15.)

1    **in part**. Defendant Price is directed to respond to Proposed Interrogatory Nos. 51

2    through 90, 122 through 138, and 148 through 149, identified in Exhibit A to

3    Plaintiff's motion as "[] Request For Interrogatories, Set Seven," **within 45 days** of

4    the date of this order; and

5    3.   Plaintiff's motion filed April 19, 2024 (Doc. 63) is **GRANTED**. Defendant Clendenin

6         is directed to respond to Proposed Interrogatory Nos. 23 through 61, identified in

7         Exhibit A to Plaintiff's motion as "Request for Interrogatories, Set Six," **within 45**

8         **days** of the date of this order.

9    IT IS SO ORDERED.

10   Dated:   __**May 30, 2024**__      _____

11                                      UNITED STATES MAGISTRATE JUDGE